(133 App. Div. 576.)

### BARNES v. GARDINER.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

PRINCIPAL AND AGENT (§ 78*)—ACTIONS FOR ACCOUNTING—PLEADING.

In an action by a principal to secure an accounting by her agent for the entire time of his agency, she set forth that an alleged accounting on a date specified was fraudulent and a purported receipt in full was false, and asked that it be set aside. Defendant alleged the validity of the accounting and offered to account from the date of that accounting. *Held*,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

that defendant was entitled to a bill of particulars as to the alleged fraud in the former accounting, which should contain no items with reference to property transferred by plaintiff to defendant, or that defendant received as her agent or representative, which was not relevant to the issue of fraud in securing the execution of the release and settlement.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 78.*]

Appeal from Special Term, New York County.

Action by Kate R. Barnes against Alfred P. Gardiner. From an order directing plaintiff to furnish a bill of particulars, plaintiff appeals. Order modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Earl Bryant Barnes, for appellant.

James S. Darcy, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff and the defendant's wife were sisters, and resided together in the city of New York; that on the 16th of June, 1903, the plaintiff and the defendant's wife inherited from an aunt a large amount of personal property, and also an undivided interest in certain real property in New York and New Jersey; that the plaintiff intrusted to the defendant the full charge, possession, and control of her personal property, for which the defendant received $1,000 a year; that the defendant remained in possession of this property, and also collected the income upon plaintiff's real property, until about the 1st of December 1908, when plaintiff requested the defendant to deliver to her attorney whatever property of hers he had in his possession and to render an accounting; that subsequently the defendant delivered certain personal property to the plaintiff, and also certain papers, which purported to be an accounting by the defendant; that among said papers so submitted as and for an accounting is a copy of a paper dated January 12, 1907, purporting to be signed by the defendant, and to be a receipt in full, and a full satisfactory accounting by the defendant for all business transacted by him for the plaintiff up to that date; that the plaintiff had no recollection of ever having signed such a paper, and if same was signed by her it was in ignorance of its contents and its significance; that no accounting in fact was made by the defendant to the plaintiff at that time, or any time after said date prior to the month of December, 1908; and she alleges that her signature to said paper was secured fraudulently and for the purpose of securing to the defendant and his wife, Adele R. Gardiner, the profits of their said transactions with the plaintiff, and in abuse of his relation of trust. The complaint demands judgment for an accounting as agent of the plaintiff; that the pretended accounting of January 12, 1907, mentioned in the complaint, be set aside and declared fraudulent and void; and for such other and further relief as may be just and equitable.

The defendant in his answer set up this instrument, dated January 12, 1907, as a full accounting of his acts as agent of the plaintiff, and also alleges that on December 23, 1908, the defendant rendered a full and complete account to the plaintiff of all the property

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mentioned in the accounting agreement of January 12, 1907, and plaintiff then received all the property that the defendant had in his hands, and states that he is ready and willing to make a full and complete account to plaintiff of all the property mentioned in said accounting agreement of January 12, 1907. Other defenses are alleged, and the defendant demands judgment that the complaint be dismissed.

Upon the pleadings the plaintiff would be entitled to an interlocutory judgment for an accounting from January 12, 1907. In her complaint, however, she seeks to set aside the alleged accounting of January 12, 1907, and asked that it be declared fraudulent and void. Upon the trial, therefore, the only question presented would be the extent of the accounting to which the plaintiff is entitled, and that would depend upon the effect of this instrument of January 12, 1907, and whether it is binding upon the plaintiff. The defendant is entitled to a bill of particulars of the facts relating to the alleged fraud practiced upon her, by which she was induced to execute the instrument of January 12, 1907. But it is not apparent how the facts in relation to the receipts and disbursements of the defendant as trustee or agent are at all material upon the trial of the one issue of fact before the court, except to show the course of dealing. Thus it was quite proper for the court to direct the plaintiff to furnish the particulars specified in the first clause of the order. The other clauses of the order, however, relate to the property that was transferred by the plaintiff to defendant, or that the defendant received as her agent or representative, which would be a matter for the accounting, and has no relevancy upon the trial of the action. By the interlocutory judgment the defendant would be required to file an account, as to which plaintiff can file objections, when the question as to the statement of the account will necessarily be referred to a referee. Whether that account will relate to all transactions since the defendant acted as agent or trustee for the plaintiff, or will be limited to an accounting from January 12, 1907, will depend upon the disposition the court makes of the plaintiff's claim as to the character of the instrument of January 12, 1907, and as to whether that instrument is a final settlement of the accounts between the plaintiff and defendant up to that time. By the fourth clause of the order the plaintiff is required to state the date and nature of each and every paper executed or signed by the plaintiff at the instance or suggestion of the defendant, the contents or effect of which she did not understand at the time of the signing or execution thereof, alleged in the complaint. There is but one paper that is signed by the plaintiff which she seeks to avoid, and that is the instrument of January 12, 1907, and there is no other instrument interposed by the defendant as a defense to the action. The effect of any such instrument, other than that of January 12, 1907, would be a question to be determined upon the accounting.

I think, therefore, that the defendant was entitled only to the particulars required to be furnished by the first clause of the order, and the order should be modified, by striking out all of the order, except the first clause thereof, and, as thus modified, affirmed, without costs. All concur.